# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2020

Lyle W. Cayce
Clerk

No. 19-50572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CIRO CRUZ-LOPEZ, also known as Juan Pablo, also known as
Mario Garica-Gonzales, also known as Mario Gonzales, also known as Juan
Pablo Mendoza, also known as Juan Mendoza, also known as Ciro
Lopez-Cruz, also known as Rufino Garcia, also known as Mario
Gonzales-Garcia, also known as Alberto Garcia-Garcia, also known as Cruz
Cruz, also known as Victor Peiro-Pablo, also known as Mario Gonzalez, also
known as Juna Mendoza-Pablo, also known as Mario Garcia,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:18-CR-784-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not

No. 19-50572

Ciro Cruz-Lopez appeals his conviction of illegal reentry into the United States following removal in violation of 8 U.S.C. § 1326. He entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss the indictment. He contends that the indictment was invalid because the removal order was void for defective notice to appear that failed to specify the date and time for his removal hearing. He concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but he wishes to preserve it for further review. The government moves for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha* and *Pierre-Paul*.

In *Pedroza-Rocha*, 933 F.3d at 496–98, this court applied *Pierre-Paul* to conclude that the notice to appear was not rendered deficient because it did not specify a date or time for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that *Pedroza-Rocha* could not collaterally attack his underlying removal order without first exhausting his administrative remedies. As Cruz-Lopez concedes, his arguments are foreclosed. *See id.* Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary affirmance is GRANTED, the government's alternative motion for an extension of time to file a brief is DENIED, and the judgment is AFFIRMED.

---

be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.